**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Marion G. Blackwell, Employee/Claimant, Respondent,

v.

Haier Refrigerators, Employer, and the Hartford, Carrier, Appellants.

Appellate Case No. 2011-198007

Appeal From the Appellate Panel
South Carolina Workers' Compensation Commission

Unpublished Opinion No. 2012-UP-458
Submitted July 2, 2012 – Filed July 25, 2012

**AFFIRMED**

Candace G. Hindersman, of Willson Jones Carter & Baxley, P.A., of Columbia, for Appellants.

Holly Saleeby Atkins, of Holly Saleeby Atkins, LLC, and Stephen B. Samuels, of Samuels Law Firm, LLC, both of Columbia, for Respondent.

**PER CURIAM:** Haier Refrigerators (Employer) and The Hartford (Carrier) appeal the order of the Appellate Panel of the South Carolina Workers'

Compensation Commission (the Appellate Panel) finding Marion G. Blackwell (Employee) sustained a compensable injury to her left shoulder, ordering Employer to pay for diagnostic studies and treatment for this injury, and awarding Employee temporary total benefits for any missed periods of work. On appeal, Employer argues the Appellate Panel erred in finding Employee sustained a compensable injury to her left shoulder. Because we find substantial evidence exists to support the Appellate Panel's finding that Employee sustained a compensable injury to her left shoulder, we affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *Lockridge v. Santens of Am., Inc.*, 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct. App. 2001) ("The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission."); *id.* ("Any review of the [Appellate Panel]'s factual findings is governed by the substantial evidence standard."); *id.* ("Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the [Appellate Panel] reached."); *Hieronymus v. Hamrick*, 385 S.C. 1, 5, 682 S.E.2d 512, 514 (Ct. App. 2009) ("The possibility of drawing two inconsistent conclusions does not prevent the Appellate Panel's conclusions from being supported by substantial evidence."); *id.* ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."); *id.* at 7-8, 682 S.E.2d at 515 ("'If a medical expert is unwilling to state with certainty a connection between an accident and an injury, the "expression of a cautious opinion" may support an award if there are facts outside the medical testimony that also support an award.'" (quoting *Tiller v. Nat'l Health Care Ctr. of Sumter*, 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999))); *id.* at 8, 682 S.E.2d at 515 ("Proof that a claimant sustained an injury may be established by circumstantial and direct evidence where circumstances lead an unprejudiced mind to reasonably infer the injury was caused by the accident." (citation and internal quotation marks omitted)).

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.